U. S. Court of Massachusetts

Springfield, Massachusetts

2003 OCT 20 P 4: 53

PAVELCSYK         )

VS.               )         October 19, 2003

WILLIAMSBURG BOARD OF HEALTH )

1. On October 20, 2000, the Williamsburg Board of Health entered material illegally obtained in an attempt to demolish my mobilehome because they had a misunderstanding of my wiring and septic facilities. In spite of proof that both of these were functional, they persisted in the demolition drive for three years, resulting in defamatory inaccurate information being given to the media and a power shutoff that prevented my usual cleaning and home maintenance by disabling my electric water pump and disallowing the operation of an electric furnace--cold and condensation had actually damaged a portion of the ceiling--prior to the shutoff there were only minor cracks in one wall. *This document is entered within the 3-yr. statute, since 10/19/03 was a Sunday, (relevant to #1 infraction by BOH)*

2. There were several violations of due process in the court proceedings- trials based on the wrongful assumptions of one BOH inspector were allowed to proceed without my being able to obtain an attorney, and BOH violated an injunction that mandated the permission of the homeowner in inspection date- setting. The trial itself had represented their malicious abuse of process-- a WMLS attorney had noticed that the law as regards demolitions had been misapplied by the town's BOH. *Police misconduct resulted in three false arrests and a wrongful hospitalization, and more bad publicity.*

3. The U.S. Constitution protects citizens from unreasonable search and seizure, and the actual demolition, which occured 5/28/02, was not only based on a mistrial, but ignored an appeal I had filed to get a hearing to clarify what their misunderstandings were. The building inspector never

gave a demo order and was never allowed to inspect the interior due to the misbehaviors of the BOH inspector, which prevented my extraction of some stored items so the building inspector could examine and verify the viability of the structure.

There is much documentation and explanation to follow, but this claim is entered today in case the three-year statute would otherwise expire if the infractions for which relief is sought are to include the violation against the 4th Amendment in which my home was entered in my absence without a warrant, resulting in undue harassment and emotional distress for a physically disabled person ( myself ) Material losses due to the town's failure to recognize Constitutional rights that included a right of appeal and the right to counsel, are in the range of $75,000 to $100,000. A detailed list and attachments will follow---although Though it allows more time to process a lawsuit for that infraction by itself, a demolition infraction is the product of a mistrial to the admission to (the Hampshire County Superior Court Clerk's Office, illegally taken) photographs of my housekeeping to court, which misrepresented me and my structure in that I was in the process if interior space reallocation.

*violation of M.G.L.*

Frederick Goodhue of Williamsburg was Selectman at the time and had been prancing around in my home in my absence 5/30/99. Invasion of Privacy issues led to wrongful assumptions

Aforementioned material loss calculation includes loss of income due to defamation of character/slander via the media.

Offending Parties for summons info.
Donna Gibson, then BOH director
Nash Hill Rd. Williamsburg
Ma, 01096

Maxine Schmidt, Health Inspector
Town Office - Main St.
Haydenville, Ma. 01039

Respectfully submitted,

Paula J Pavelcsyk

P.O. Box 435 - Haydenville, Ma. 01039