P.1

U.S. COURT OF MASSACHUSETTS

SPRINGFIELD, MASSACHUSETTS

PAVELCSYK )
           ) DOCKET NO. 03-30312-MAP
    VS.    )
           ) FEBRUARY 18, 2004
           )
WILLIAMSBURG BOARD OF HEALTHH )
           )

MOTION TO APPOINT COUNSEL

1. The court complaint was entered and date-stamped within the three-year filing deadline of the date of the infraction of entering the illegally obtained material AND way in advance of a deadline for the actual demolition date of 5/28/02--said demolition was based upon origins in the original infraction, therefore there is no argument re dates.

*Defendant ignores the Court's discretion/power in setting the Summons date —*

2. Proof that an appeal had been filed is attached--a meeting with Selectmen 3 days before the demolition should have clarified there was not only an appeal in process but also that the Defendant was confused about building codes. Note that the town's original attorney, Mary Giorgio of Boston, facilitated through the Selectmen the granting of a permit for a new trailer, once proof of a working septic tank had been entered in the ZBA process, in clear refutation of a reason BOH had given for demolition--police harassment had prevented the continuation of my showing D. Gibson and I. Gabrielson proof that their building code statements were

in question. A photo of a stop work order by the building inspector can be submitted for evidence, Some legal advice 3 years ago had enlightened me of the authority the building inspector had over the judge. In addition, I had contacted the local D.A. to investigate the authenticity of the court edict the Defendant mentioned, since it was not signed by the judge and its date was at a time she had been previously transferred to another City court. The investigation was contingent upon a written complaint by me, which, due to illness, has been delayed and will be forthcoming.

3. Defendant had violated state sanitation codes by shutting off my power in a paroxysm of paranoia, interrupting my yearly spring cleaning and facilitating distorted and damaging publicity. Their photos will reveal this interruption

4. Attachment of correspondence between myself and Sen. Olver's Office provides some clarification, but actual litigation or settlements are hereby reserved for an attorney if this request is granted.

Respectfullly submitted,

Paula J. Pavelcsyk
Paula J. Pavelcsyk

Commonwealth of Massachusetts
County of Hampshire
The Superior Court

A TRUE COPY
ATTEST

*Harry Jekanowski, Jr.*
CLERK MAGISTRATE

Hampshire Superior Court
15 Gothic Street
P O Box 1119
Northampton, MA 01060

00 240

CIVIL DOCKET# HSCV2000-00240

RE: **Town of Williamsburg by its Board of Health v Pavelczyk**

## NOTICE
### (SPECIAL CALL OF THE DOCKET)

You are hereby notified of a **special call of the docket:**

The court has ordered a status review of the appeal filed in the above entitled action.

Please indicate the status of this appeal in the space below, and forward to this office by **04/25/2003.**

*I wish to activate this appeal. Some attorneys are interested in this case. There were two major flaws in the judge's order that was being appealed, so I will select one attorney to pursue th— Thank you*

Failure of the Appellant to notify the Clerk's office by **04/25/2003**, will result in the dismissal of the appeal.

Dated at Northampton, Massachusetts this 26th day of March, 2003.

*Harry Jekanowski, Jr.*
Harry Jekanowski, Jr.,
Clerk of the Courts

*Signed, Paula J. Pavelczyk*

XC: Paula Pavelczyk @ 27 North Farms Rd., Williamsburg, MA 01096
Edward M. Reilly, Esquire & Mary Giorgio, Esquire

(typed to follow)

3-21-03

To: Kristen Wood
Economic Development Specialist
Sen. Olver's office

From: Paula Pavelcsyk (413-585-8269)

I promised you a written complaint regarding a zoning issue with the Town of Williamsburg. My mailing address is P.O. Bx 435 Haydenville, Ma 01039. ZBA meets 3/31/03.

1. On 5/28/02 my mobilehome was demolished without the building inspector giving a demo order — building code "violations"# had been met but no inspection (THERE WERE NO VIOLATIONS) was made since 9/19/01 and the town proceeded with the demolition before I could extract valuables. I was pulled off my community property in violation of civil rights

2. Hilltown Development Corp. can provide 19 G for a replacement mobilehome, provided they have a permit from the town. Septic, water, drainage, lot, etc. met approval for a building permit application.

3. The building inspector did not wish to deny/grant a permit and kicked it over to Zoning Board of Appeals before a permit application had even been filed.

4. Atty Tim Washburn found laws attesting to my right to have a mobilehome on my lot. Two zoning board members, Mr. Mann & Mrs. Berkman did not heed the statement of law.

\* a few leaning cinder piers supporting the former home were reinforced by additional columns, in spite of scientific evidence that the bldg. would not topple even in the absence of the reinforcements.

JOHN W. OLVER

APPROPRIATIONS

TRANSPORTATION AND TREASURY
RANKING MEMBER
INTERIOR

ASSISTANT WHIP

# Congress of the United States
## House of Representatives
Washington, DC 20515-2101

PLEASE RESPOND TO

1027 Longworth House Office Building
Washington, DC 20515-2101
(202) 225-5335
(202) 226-1224 Fax

DISTRICT OFFICES
57 Suffolk Street
Suite 310
Holyoke, MA 01040
(413) 532-7010
(413) 532-6543 Fax

Conte Federal Building
78 Center Street
Pittsfield, MA 01201
(413) 442-0946
(413) 443-2792 Fax

463 Main Street
Fitchburg, MA 01420
(978) 342-8722
(978) 342-8156 Fax

March 31, 2003

Ms. Paula Pauelcsyk
P.O. Box 435
Haydenville, MA 01039

Dear Ms. Pauelcsyk,

Thank you for contacting my office for assistance with the Zoning Board of Appeals of Williamsburg.

I have spoken to the Chairman of the Board, David Mathers, and asked them to give full and fair consideration to your situation. Unfortunately, my jurisdiction as a federal official does not allow me to influence local issues beyond this request.

If a federal aspect comes into the picture, please contact my aide, Elaine Pluta, at my Holyoke District Office.

Sincerely,

John W. Olver
Member of Congress

JWO/ep

---

*Handwritten note:*

Delays in the permit were the result of confusion and misunderstandings BoH had caused -- Dave Mathers knew better than to even read BoH records - the 2 other ZBA members required the outside intervention above --

Update: HCDC funding may not be available.

Permit was granted 5/4/03 and is valid til 5/4/05. /PP