UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-30312-MAP

PAULA J. PAVELCSYK,       )
    Plaintiff              )
                           )
vs.                        )
                           )
WILLIAMSBURG BOARD OF HEALTH,  )
    Defendant              )

## DEFENDANT, "WILLIAMSBURG BOARD OF HEALTH'S," MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### STATEMENT OF UNDISPUTED FACTS

Solely for the purpose of the instant motion, the defendant accepts as true the facts, as distinct from conclusions relating thereto, as set forth in the plaintiff's complaint. Specifically, the defendant notes that the action initially complained of occurred on October 20, 2000, and that Court proceedings occurred in the Courts of the Commonwealth of Massachusetts, including but not limited to a trial to a conclusion resulting in the issuance of an order of the Superior Court, a copy of which is attached hereto and marked as Exhibit A. The defendant recognizes the right of this Court to convert the instant motion to one for summary judgment pursuant to Rule 56 in light of the attachment, but notes that the defendant believes the same is not necessary.

By its terms, the complaint specifically alleges that the wrongdoing occurred on October 20, 2000 and acknowledges further in the complaint that the statute of limitations would run on October 20, 2003.

The docket entries of the United States District Court reflect that the plaintiff's motion for leave to proceed in *forma pauperis* was filed on November 10, 2003. Thereafter, the motion

370916

was allowed on December 29, 2003 and ultimately, the complaint was filed on December 30, 2003, two months after the statute of limitations ran.

## ARGUMENT

1.  **The Statute of Limitations Precludes the Instant Case from Proceeding.**

There can be no dispute that the statue of limitations governing an alleged civil rights violation, to the extent that the complaint is deemed to so allege, is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 280 (1985). In the Commonwealth of Massachusetts, the statute of limitations for personal injury actions pursuant to M.G.L. c. 260, § 2A is three years. It is noteworthy that the same statute of limitations applies pursuant to M.G.L. c. 260, § 5B to civil rights violations allegedly occurring under the laws of the Commonwealth. Inasmuch as the complaint was filed more than three years after the date of the alleged wrongdoing, the statute of limitation bars any action in connection therewith. See, *Roberts v. Murphy,* 684 F.Supp. 759 (D.Mass., 1988).

Based upon the foregoing, the defendant submits that, to the extent that the plaintiff claims wrongdoing in connection with the acts which occurred on or about October 20, 2000, the complaint must be dismissed.

2.  **The Doctrine of *Res Judicata* and/or Collateral Estoppel Applies so as to Require Dismissal.**

As noted above, the allegations in the plaintiff's complaint all arise out of issues which have or could have been litigated in the Hampshire Superior Court. In effect, the complaint therein alleges that the defendant, "Board of Health," has committed violations of federal law in the enforcement of the Court orders issued by the Courts of the Commonwealth. The plaintiff seeks to collaterally attack the decisions issued by the Courts of the Commonwealth herein.

370916

It is a maxim of law that previously litigated issued between parties should not be relitigated. See, *Montana v. U.S.,* 440 U.S. 147, 153 (1979); *Miles v. Aetna Cas. & Sur. Co.,* 412 Mass. 424 (1992). It is equally clear that the Federal Court employs the state court's law of issue preclusion. See, *Kyricopoulos v. Town of Orleans,* 967 F.2d 14, 16 (1st Cir. 1992). Pursuant to the law of the Commonwealth, for an issue to receive preclusive effect in a later case, four elements are required: (1) there must be identity of issues; (2) the issues must have been actually litigated; (3) the judgment regarding the issue must be binding and valid; and (4) the determination of the issue must have been essential to the judgment. See, *Martin v. Ring,* 401 Mass. 59 (1987). The defendant notes that the same four elements are required by the First Circuit for application of the doctrine of *res judicata* or issue preclusion. See, *Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 51 (1st Cir. 1997).

Here, all of the factors for the application of *res judicata* or issue preclusion have been met. There is no dispute that the actions allegedly taken by the defendant were done in accordance with at least five orders of the Superior Court of the Commonwealth of Massachusetts.

This Circuit has long held that:

> [W]hen a party should reasonably foresee that adverse state court judgment will create constitutional issue, that issue should be argued before state court; where it is not, the party is barred by principles of *res judicata* from later raising constitutional claim…in federal 1983 action.

*Roy v. City of Augusta, Maine,* 712 F.2d 1517 (1st Cir. 1983); see also, *Willhauck v. Halpin,* 953 F.2d 689 (1st Cir. 1991).

The defendant submits that all of the allegations as articulated in the plaintiff's complaint are matters which clearly could have been raised below and the plaintiff's failure to do so preclude her from proceeding herein.

370916

### 3. **Qualified Immunity Precludes the Imposition of Liability.**

In addition to the foregoing, the defendant submits that it is protected by qualified immunity which is intended to shield public officials in the course of performing discretionary acts "from civil damages liability as long as actions could reasonably have been thought consistent with rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. 635, 638 (1987). The qualified immunity defense is favored early in the proceedings so that costs and expenses of trial can be avoided where the defense is dispositive. See, *Saucier v. Katz,* 533 U.S. 194, 200 (2001).

Qualified immunity shields government officials from liability for civil damages when their actions "do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). Qualified immunity provides protection to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). The relevant question, then, is "whether a reasonable official could have believed his actions were lawful in light of clearly established law and the information the official possessed at the time of his allegedly unlawful conduct." *McBride v. Taylor,* 924 F.2d 386, 389 (1st Cir. 1991).

As noted above, all actions taken by the defendant herein were in accordance with orders obtained from the Superior Court in the Commonwealth of Massachusetts. The Court consistently found that the plaintiff failed to comply with its orders. In light of the foregoing, it cannot be said that the defendant acted unreasonably. As noted by the First Circuit:

> The doctrine of qualified immunity exists "to shield [public officials] from undue interference with their duties and from potentially disabling threats of liability." *Harlow,* 457 U.S. at 806, 102 S. Ct. at 2732. To hold otherwise, would impose an

370916

      undue burden on public officials of a threat of liability for the faithful execution
      of their official duties.

*Whiting v. Kirk,* 960 F.2d 248, 252 (1992).

    **4.**       **To the Extent That the Complaint is Read to Allege Claims under § 1983, They Must be Dismissed.**

It is beyond dispute that 42 U.S.C. § 1983 does not, in and of itself, create substantive rights. Rather, it simply provides a vehicle by which claims may be brought for alleged violations of rights secured by the United States Constitution. To proceed with a claim under 42 U.S.C. § 1983, a plaintiff must first establish that a defendant is acting under color of state law. The plaintiff must next prove that the alleged wrongful conduct resulted in a deprivation of rights secured by the United States Constitution or federal law. Most important in this regard, mere violations of state law do <u>not</u> create constitutional claims. *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822 (1st Cir. 1982).

While under very limited circumstances land use claims have been allowed to proceed under 42 U.S.C. § 1983, they have done so only where there are specific constitutional violations alleged. Categories into which those violations fall include regulatory takings, see, *Agins v. City of Tiburon*, 447 U.S. 255 (1980); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992); claims relating to procedural or substantive due process, see, *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d 1524, 1527 (1st Cir. 1983); *Creative Environments v. Estabrook, supra*; see also, *Amsden vs. Moran*, 904 F.2d 748 (1st Cir. 1990), and claims wherein violations of equal protection are alleged. See, *Cordeco Development Corp. v. Santiago Vasquez*, 539 F.2d 256 (1st Cir. 1976). *Yerardi's Moody Street Restaurant & Lounge, Inc. v. Board of Selectmen of Town of Randolph*, 932 F.2d 89 (1st Cir. 1991); see also, *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

370916

It is the position of the defendants that the facts as alleged, do not support of a cause of action under any of the foregoing theories.

    a.  <u>As to Due Process Claims</u>

With regard to denial of procedural and substantive due process, again, the plaintiff's Complaint must fail. As to both, proof of denial of due process in connection therewith is lacking.

In *Creative Environments, Inc. v. Estabrook*, the plaintiff alleged:

> [t]hat its right to due process was violated by the town's overall 'distortion of the existing statutory and regulatory scheme'. <u>This argument rests not on any failure to have provided adequate procedures, but on the alleged arbitrary misapplication of state law resulting, plaintiffs assert, in denying them their 'right' to conduct a legitimate business and make a profit</u>.

*Creative Environments, Inc. vs. Estabrook*, 680 F.2d at 831. [Emphasis supplied.]

After assuming that the "town engaged in adversarial and even arbitrary tactics," the First Circuit rejected the foregoing claim, noting that, if such a claim were to be accepted:

> any hope of maintaining a meaningful separation between federal and state jurisdiction in this and many other areas of law would be jettisoned. Virtually every alleged legal or procedural error of a local planning authority or zoning board of appeal could be brought to a federal court on the theory that the erroneous application of state law amounted to a taking of property without due process. Neither Congress nor the courts have, to date, indicated that section 1983 should have such a reach.

*Id.*

Further distinguishing the alleged wrongful acts of the defendants, the Court noted "<u>even if it could here be shown that the Board members strayed wilfully</u> from the 'proper ends of the governmental duties,' <u>their digression was not of 'constitutional proportions'</u>." *Id.* at 832, n.9 [citations omitted]. See also *Freeman v. Planning Bd. of West Boylston*, 419 Mass. 548 555-556 (1995). See also, *Chiplin Enterprises, Inc. v. City of Lebanon*, 712 F.2d at 1526-1529 (collecting

370916

relevant cases and stating that dismissal under Fed. R. Civ. P. 12(b)(6) proper in action by local planning Board alleging similar constitutional violations).

Finally, the *Estabrook* court noted that the claim, as alleged, and taken in the light most favorable to the plaintiff was:

> too typical of the run of the mill dispute between a developer and a town planning agency, regardless of [CEI's] characterizations of it and of the defendant's alleged mental states, to rise to the level of a due process violation. The authority cited by [CEI], as well as other cases, all suggest that the conventional planning dispute – at least when not tainted with fundamental procedural irregularity, racial animus, or the like – which takes place within the framework of an admittedly valid state subdivision scheme is a matter primarily of concern to the state and does not implicate the constitution. <u>This would be true even were planning officials to clearly violate, much less 'distort' the state scheme under which they operate</u>.

*Creative Environments, Inc. v. Estabrook,* 680 F.2d at 833. [Emphasis added.]

Perhaps most importantly, as the Chiplin Court noted even "a … bad faith refusal to follow State law in … local administrative matters … does not amount to a deprivation of due process where the state courts are available to correct each." *Chiplin Enterprises, Inc. v. City of Lebanon* at 1528.

The foregoing analysis clearly precludes due process claims from proceeding in the instant action, particularly where the plaintiff clearly has remedies to the extent that an appeal of the state court decision exists to vindicate her claims absent resort to allegations of federal due process violations. See *Chiplin Enterprises, Inc. v. City of Lebanon,* 712 F.2d at 1527.

    b. <u>As to Claims of Acts of Others</u>

To the extent that the Complaint references acts of others, it is clear that *respondeat superior* cannot serve as a basis for liability under § 1983. See *Board of County Com'rs. of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403 (1997) (and cases cited therein). Instead, for supervisors to be held accountable for their subordinates' alleged misdeeds, the Courts require a

370916

showing that the supervisor was either a primary actor involved in or a prime mover behind the underlying violation. To meet this burden, the plaintiff must show some affirmative act or some conduct that amounts to implicit authorization on the part of the supervisor with respect to his employee's behavior. See, *Aponte Matos v. Toledo Davila,* 135 F.3d 182, 192 (1st Cir. 1998).

In the case of allegations of direct participation, the Court employs the classic *Harlow* qualified immunity framework to determine whether or not the supervisors were entitled to qualified immunity as well. See, *Camillo-Robles v. Zapata,* 175 F.3d 41, 43-44 (1st Cir. 1999). Where a direct violation is not alleged, liability can exist when a supervisor supervises, trains or hires "with deliberate indifference toward the possibility that deficient performance of the task eventually may contribute to a civil rights deprivation." *Id.* at 44 (citations omitted). In analyzing this potential liability, the Courts have generally looked to determine whether or not the supervisor's actions "displayed deliberate indifference toward the rights of third parties and had some causal connection to the subsequent tort." *Id.* (citations omitted).

Because the plaintiff fails to allege a single fact relevant to the behavior or conduct of the individual members of the Board and, in fact, references alleges misconduct of others, there is nothing from which this Court can discern a viable claim for supervisory liability.

    c.  <u>As to Search and Seizure</u>

To the extent that the Complaint references allegations of wrongful search and seizure, the same must be dismissed. In analyzing an alleged Fourth Amendment violation, the Court must determine whether or not there was a search in the first instance and, if there was, whether the search was wrongful. *See, Rakas v. Illinois*, 439 U.S. 128 (1978). Even assuming that the plaintiff had a reasonable expectation of privacy, and there is a determination that "search"

370916

occurred, the same was clearly warranted as it was conducted in accordance with an order of the Superior Court of the Commonwealth of Massachusetts.

    d.  As to Right to Counsel

Finally, to the extent that the Complaint alleges a right to counsel, no such right exists.

## CONCLUSION

WHEREFORE, based upon all of the foregoing, the defendant, "Board of Health," respectfully requests that the plaintiff's complaint be dismissed in its entirety.

        Respectfully submitted,

        THE DEFENDANT
        WILLIAMSBURG BOARD OF HEALTH


        By   */s/ Nancy Frankel Pelletier*
        Nancy Frankel Pelletier, Esq., of
        Robinson Donovan, P.C.
        1500 Main Street, Suite 1600
        Springfield, Massachusetts 01115
        Phone (413) 732-2301  Fax (413) 785-4658
        BBO No.:  544402


## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this 22nd day of July, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to Paula J. Pavelcsyk, *Pro Se*, P.O. Box 4535, Haydenville, MA  01039.

Subscribed under the penalties of perjury.


        */s/ Nancy Frankel Pelletier*
        Nancy Frankel Pelletier, Esq.

370916