00 240

A TRUE COPY
ATTEST

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss　　　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION 00-240

TOWN OF WILLIAMSBURG

vs.

PAULA PAVELCZYK

<u>MEMORANDUM OF DECISION AND ORDER ON TOWN OF WILLIAMSBURG'S MOTION FOR FURTHER ACTION</u>

BACKGROUND

The Town of Williamsburg ("The Town") commenced the instant lawsuit on October 20, 2000, seeking injunctive relief with respect to alleged State Sanitary Code violations by the defendant at her mobile home and adjoining property, located at 27 North Farms Road, Haydenville, Massachusetts ("the property").

On November 22, 2000, after hearing, I issued an Order on Preliminary Injunction[1] against the defendant to bring the property into compliance and further ordering her, inter alia,

---

[1] The Order provided:"After hearing before this Court on November 20, 2000 at the Hampshire Superior Court, it is hereby ORDERED as follows:
1. Effective November 27, 2000, and until further order of this Court, the defendant is prohibited from entering the property at 27 North Farms Road, Haydenville, Massachusetts ("the property") except during daylight hours and only for the purposes of bringing the Property into compliance with the State Sanitary Code.
2. The defendant shall within sixty (60) days of issuance of this order bring the Property into compliance with the State Sanitary Code provisions cited in Counts I and II of this complaint.
3. The defendant shall permit the Town of Williamsburg's Board of Health Agent, Maxine Schmidt ("Health Agent") to inspect the Property, including the interior of the trailer, within ten (10) days of the issuance of this Order, at a date and time to be agreed upon by the parties or, if the parties cannot agree, by this Court.
4. The defendant shall permit the Health Agent to reinspect the Property including the interior of the trailer, after the sixty (60) days compliance period has elapsed, at a date and time to be agreed upon by the parties, or if the parties cannot agree, by this Court.
5. If the Health Agent after such reinspection determines that the Property has not been brought into full compliance with the Sanitary Code regulations sited in Count I of this complaint: 105 CMR 410, 105 CMR 410, 451, 105 CMR 410.600 and 602, the Board my (sic) seek further Court orders for the removal and demolition of the trailer, including its contents"

1

(1) to bring her property into compliance with specific State Sanitary Code provisions within sixty days, (2) to permit the Town's Board of Health Agent, Maxine Schmidt, to inspect the property - including the interior of the mobile home within ten days at a date and time to be agreed upon by the parties or by the Court if one was unable to be agreed upon, and (3) to permit Ms. Schmidt to enter to reinspect within the sixty days after the compliance period, so Ms. Schmidt could determine if the property was in full compliance. After issuance of the Order, the defendant refused to permit Ms. Schmidt to enter the mobile home to inspect it and refused to agree to any date and time for the initial inspection ordered by the Court. Thereafter, the Town sought and I granted an Order that the defendant permit Ms. Schmidt to inspect the property on Saturday December 9, 2000 at 11:00 a.m.

On April 2, 2001, the Town filed a civil complaint of contempt alleging, inter alia, that: (1) the defendant had refused to permit inspection of the property to that date, (2) in consideration of winter conditions, the Town decided to delay filing the action until Spring to better enable the defendant to clean-up the property and (3) to date it appeared the defendant had made no "serious attempt" to comply with the State Sanitary Code. On April 23, 2001, the parties appeared for hearing on the contempt complaint. On that date, they entered an agreement to conduct an inspection of the property on May 17, 2001, and the Court took no action.

On May 24, 2001, the Town filed a Request for Action on the Contempt Complaint, alleging, inter alia, that the defendant had refused to permit Ms. Schmidt to enter and inspect the interior of the defendant's mobile home on May 17th.

Thereafter, the parties appeared before the Court (Josephson, J.) for hearing. Judge Josephson found the defendant in contempt of the Court's order that the defendant permit

2

inspection of the property, and on August 27, 2001 entered the following order:

> (1) effective August 27, 2001, the plaintiff, Town of Williamsburg, shall be permitted to enter onto the property located at 27 North Farms Road, Haydenville, Massachusetts and to enter the mobile home on the property during daylight hours, for the purposes of
>     (a) inspecting the property for compliance with the November 22, 2000 order of the court and
>     (b) documenting any violations;
> (2) the defendant, Paula Pavelczyk, shall be given twenty days from the date of the inspection to bring the property into compliance;
> (3) at the expiration of the twenty day compliance period, the plaintiff shall be permitted to re-enter the property and the mobile home for the purposes of inspecting the property for compliance and further documenting the condition of the property;
> (4) the defendant, Paula Pavelczyk, shall not directly or indirectly prevent, impede, obstruct or in any way interfere with the Town's entry and activities permitted above;
> (5) the Town shall be permitted to take reasonable action to effectuate the entry permitted under this order, including, if necessary, forcibly entering the mobile home;
> (6) if, after the expiration of the twenty day compliance period, the property is not brought into compliance, the defendant may request further action from the Court, including, the removal and demolition of the mobile home.

Alleging that the defendant has failed to comply with the Order dated August 27, 2001, the Town filed the instant Motion for Further Action requesting, inter alia, an order: (1) for removal and demolition of the defendant's mobile home, and as well as rubbish and garbage located on the property inside and outside the defendant's mobile home; and (2) that the defendant not occupy the property as a residence until she has obtained applicable municipal permits for residential use of the property (including an occupancy permit).

## DISCUSSION

Civil contempt is a means of securing for the aggrieved party the benefit of the court's order. *Demoulas v. Demoulas Supermarkets, Inc.*, 424 Mass. 501, 565 (1997). A finding of contempt requires "a clear and undoubted disobedience of a clear and unequivocal demand." *Judge Rotenberg Educational Center, Inc. v. Comm'r of the Department of Mental Retardation,*

3

424 Mass. 430, 443 (1997); *United Factory Outlet, Inc. v. Jay's Stores, Inc.*, 361 Mass. 35, 36 (1972); *Building Inspector of Peabody v. Northeast Nursery, Inc.*, 418 Mass. 401, 406 (1994). The plaintiff bears the burden of providing contempt by a preponderance of the evidence. *Manchester v. Dept. of Environmental Quality Engineering*, 381 Mass. 208, 212 (1980). Noncompliance with an order of the court may be excused where compliance becomes impossible. The burden of proving impossibility rests with the alleged contemnor. *Commonwealth v. One 1987 Ford Econoline Van*, 413 Mass. 407, 412 (1992). Where there is contempt, an appropriate remedy must be compensatory or coercive. See *Labor Relations Comm'n v. Salem Teachers' Union, Local 1258, MFT, AFT, AFL-CIO*, 46 Mass. App. Ct. 431, 435 (1999).

Here, the parties appeared before me on February 21 and 22, 2002. The Town's Board of Health Agent, Maxine Schmidt, and the defendant testified[2].

Based upon the exhibits (including photographs of the property), the testimony I found credible, a view taken of the property on February 26, 2001, and written submissions of the parties, I find that the defendant has violated the Court's orders of November 22, 2000,

---

[2] The defendant has represented herself throughout the proceedings, but has made numerous claims that she intends to obtain legal counsel. The Town filed the instant motion on December 31, 2001. The motion was not scheduled for hearing until February 21, 2001 - nearly eight weeks later. On February 21st, at approximately 1:00 p.m. (one hour before the scheduled time for the hearing), the defendant sent a document by facsimile transmission to the Clerk's Office. In part, the document stated that the defendant needed additional time to obtain legal representation. During hearing, the defendant repeatedly referred to her desire to have legal representation.

When the defendant first appeared before me in November 2000, she made an identical request. At that time, I granted a two week continuance to enable her to obtain legal counsel. When she next appeared for hearing, she was unrepresented and made vague claims regarding a lawyer who had agreed to represent her, but was unavailable at that time. However no lawyer contacted the Court to confirm representation or to request a continuance. In pleadings filed with the court since November 2000, the defendant has made similar assertions of her intention to obtain legal counsel. Again, no lawyer has ever indicated an intention to appear in the case. I find now, as I did in November 2000, that the defendant's claims of obtaining legal counsel are solely for the purpose of further delaying the proceedings and not based upon any actual efforts or intention to do so.

December 6, 2000, April 23, 2001 and August 27, 2001, by: (1) failing to bring the property in compliance with the State Sanitary Code provisions cited in Count I and II of the Town's complaint; and (2) refusing to permit inspection of the property by the Town through its Board of Health Agent.

Based on a view taken of the property on February 26, 2002, I find that the condition of the property remains substantially the same as depicted in photographs taken of the property in January 2001 and July 2001, and introduced, respectively, as Exhibits 3A through 3H and 4A through 4F. Additional photographs, introduced as Exhibits 2A through 2F also generally depict the present condition of the property. At present, there is rubbish, trash and all manner of clothing, furniture, household goods, cleaning and food products, and other items strewn about the exterior of the property, hanging from trees and located in the defendant's inoperable car. Numerous plastic containers and trash barrels apparently used as storage for the defendant's clothing and other personal effects are also located about the exterior of the property. A strong odor of urine is present in the area immediately next to the mobile home. It appears that the interior of the mobile home is filled with paper and other materials and infused with an odor of urine and garbage.[3] The defendant concedes that electrical power and water to her mobile home have been shut off.

The Court's orders were clear and unequivocal. The defendant had full awareness of each of the Court's orders. I find no credible evidence that compliance with the Court's orders was not possible. Furthermore, I find no credible evidence that the defendant had insufficient time

---

[3] An actual view of the mobile home's interior was not possible. The defendant was able to open the door only a few inches. It appeared that papers and other materials blocked the door and prevented entry.

5

between November 22, 2000 and the present date to comply with the Court's orders.

Accordingly, I find the defendant in contempt of the Court's orders of November 22, 2000, December 6, 2000, April 23, 2001 and August 27, 2001.

## ORDER

For the reasons set forth above, it is hereby **ORDERED** that judgement shall enter against the defendant Paula Pavelczyk for contempt of the Court's orders dated November 22, 2000, December 6, 2000, April 23, 2001 and August 27, 2001.

It is also **ORDERED** that judgment enter for the Town of Williamsburg on its complaint and is further **ORDERED** as follows:

(1) The defendant Paula Pavelczyk is prohibited from entering upon the property at 27 North Farms Road, Haydenville, Massachusetts ("the property") except during daylight hours and only for purposes of: (a) removing her personal effects from the property, (b) moving plastic containers, trash barrels or other containers storing her clothing and personal effects into the green storage shed located on the property, or (3) bringing the property into compliance with the State Sanitary Code.

(2) Unless within thirty (30) days of entry of this judgment and order, the defendant brings the property into compliance with the State Sanitary Code and the Board of Health of the Town of Williamsburg so certifies, the Town of Williamsburg or its agents or assigns may, after the expiration of thirty (30) days following entry of this judgment and order, enter upon the property located at 27 North Farms Road, Haydenville, Massachusetts for purposes of removal and for demolition of the mobile home located on the property and any garbage and rubbish located

inside and outside of the mobile home.

(3) The defendant shall not directly or indirectly obstruct, impede, prevent or in any way interfere with the Town of Williamsburg's entry and activities as described in paragraph 2 of this order. At the request of the Town's Board of Health, the Town of Williamsburg Police Department is hereby ordered, pursuant to 105 CMR 410.950(C), to forcibly remove the defendant from the property if, upon entry by the Board or its agents under the terms of paragraph 2 of this order, the defendant obstructs, impedes, prevents or in any way interferes with the Town of Williamsburg's entry and activities as described in paragraph 2, above, or if the defendant refuses to leave the property if so requested by the Town of Williamsburg or its agents.

(4) The defendant shall not re-occupy the Property as a residence unless and until all applicable municipal permits, including an occupancy permit, are obtained for such use.

Dated: March 5, 2002
Entered: March 6, 2002

Mary-Lou Rup,
Justice of the Superior Court

**Commonwealth of Massachusetts**
County of Hampshire
**The Superior Court**

00 240

CIVIL DOCKET# HSCV2000-00240

Town of Williamsburg by its Board of Health

vs

Paula Pavelczyk

### JUDGMENT·

This action came on before the Court, Mary-Lou Rup, presiding, upon Motion of the plaintiff for further action on contempt and pursuant to the Court's Memorandum of Decision and Order,

It is **ORDERED and ADJUDGED**:

Judgment shall enter against the defendant Paula Pavelczyk for contempt of the Court's orders dated November 22, 2000, December 6, 2000, April 23, 2000 and August 27, 2001.

It is also **ORDERED** that judgment enter for the Town of Williamsburg on its complaint and is further **ORDERED** as follows:

1.) The defendant Paula Pavelczyk is prohibited from entering the property at 27 North Farms Road, Haydenville, Massachusetts ("the property") except during the daylight hours and only for purposes of: (a) removing her personal effects from the property, (b) moving plastic containers, trash barrels or other containers storing her clothing and personal effects into the green storage shed located on the property, or (3) bringing the property into compliance with the State Sanitary Code.

2.) Unless within thirty (30) days of entry of this judgment and order, the defendant brings the property into compliance with the State Sanitary Code and the Board of Health of the Town of Williamsburg so certifies, the Town of Williamsburg or its agents or assigns may, after the expiration of thirty (30) days following entry of this judgment and order, enter upon the property located as 27 North Farms Road, Haydenville, Massachusetts for purposes of removal and for demolition of the mobile home located on the property and any garbage and rubbish located inside and outside of the mobile home.

3.) The defendant shall not directly or indirectly obstruct, impede, prevent or in any way interfere with the Town of Williamsburg's entry and activities as described in paragraph 2 of this order. At the request of the Town's Board

of Health, the Town of Williamsburg Police Department is hereby ordered, pursuant to 105 CMR 410.950(C), to forcible remove the defendant from the property if, upon entry by the Board or its agents under the terms of paragraph 2 of this order, the defendant obstructs, impedes, prevents or in any way interferes with the Town of Williamsburg's entry and activities as described in paragraph 2, above, or if the defendant refuses to leave the property if so requested by the Town of Williamsburg or its agents.

4.) The defendant shall not re-occupy the Property as a residence unless and until all applicable municipal permits, including an occupancy permit, are obtained for such use.

Dated at Northampton, Massachusetts this 6th of March, 2002.

By the Court (Rup, J.)

*[signature]*
Harry Jekanowski, Jr.
Clerk/Magistrate

29

00 240



COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, SS.      HAMPSHIRE SUPERIOR COURT
CIVIL ACTION NO. 2000-00240

TOWN OF WILLIAMSBURG by and through its Board of Health,

    Plaintiff

v.

PAULA PAVELCZYK,

    Defendant

3/6/02

See memo and order (#32)

By the Court (Rup, J)
Attest: Nancy C. Foley
Ass't Clerk

## MOTION FOR FURTHER ACTION

Pursuant to this Court's Order dated August 27, 2001, the Town of Williamsburg, by and through its Board of Health ("Board") requests that the Court take further action in this matter by ordering the removal and demolition of defendant's mobile home as well as the garbage and rubbish inside and outside the mobile home located at 27 North Farms Road ("the Property"), Haydenville, Massachusetts. The Board further requests entry of final judgment on the contempt action filed against the defendant. A proposed form of judgment is attached hereto as Exhibit A. As grounds therefor, the Board states as follows:

1.    A contempt trial was held on July 16, 2001 against defendant Paula Pavelczyk on the basis of her failure to comply with the terms of a November 22, 2000 Order on Preliminary Injunction issued by this Court (Rup, J.) requiring defendant to bring her Property into compliance with the State Sanitary Code and to permit certain inspections of her Property by the