UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAULA J. PAVELCSYK,           )
        Plaintiff      )
                              )
   v.                         )   Civil Action No. 03-30312-MAP
                              )
                              )
WILLIAMSBURG BOARD OF HEALTH, )
        Defendant    )

REPORT AND RECOMMENDATION WITH REGARD TO
DEFENDANT'S MOTION TO DISMISS (Document No. 11)
September 22, 2004

NEIMAN, U.S.M.J.

Paula J. Pavelcsyk ("Plaintiff"), proceeding *pro se*, has filed documents purporting to outline a myriad of allegations against the Town of Williamsburg's Board of Health ("Defendant") as a result of actions allegedly taken by its inspector, Maxine Schmidt, and its former director, Donna Gibson. At its core, Plaintiff's complaint challenges the demolition of her mobile home on May 28, 2002, pursuant to a state court order. Defendant's motion to dismiss the complaint has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, the court will recommend that Defendant's motion be allowed.

I. BACKGROUND

Plaintiff's complaint centers around the state court proceedings. On October 20, 2000, the Town of Williamsburg commenced a lawsuit in the Massachusetts Superior Court alleging state sanitary code violations by Plaintiff at her mobile home. On

November 27, 2000, a preliminary injunction was entered ordering Plaintiff to bring her property into compliance with the sanitary code within sixty days.  On August 27, 2001, after she had refused entry on multiple occasions by a health inspector, Plaintiff was found in contempt of the court's order and given an additional twenty days to bring her property into compliance.  When Plaintiff continued to balk, Superior Court Judge Mary-Lou Rup, entered judgment on March 6, 2002, ordering the demolition of the mobile home if Plaintiff failed to rectify the violations within thirty days.  Plaintiff failed to do so and, according to Plaintiff's own complaint in this court, her home was demolished by Defendant on May 28, 2002.

Since Plaintiff is a *pro se* litigant, her complaint is held to a less stringent standard than one prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and has been read with an extra degree of solicitude.  *See Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991).  Liberally considering both the complaint and the documents she has filed, Plaintiff appears to allege the following causes of action:  that Defendant wrongfully demolished her mobile home; that the state court proceedings, including the demolition order, were based on facts misrepresented by Defendant; that Judge Rup misapplied demolition laws; that Defendant allowed a "confused agent" (Schmidt) to continue along a "wrongful and oppressive line of conduct"; that Schmidt's conduct was an abuse of process; and that Defendant deprived Plaintiff of her constitutional rights, including her right to counsel, through an invasion of property and defamation.  Plaintiff seeks both injunctive relief and monetary damages.

II. DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff's claims are variously barred, in whole or in part, by a three year statute of limitations, by the doctrines of *res judicata* and qualified immunity and by failing to state claims upon which relief may be granted.

As for its first argument, Defendant asserts that Plaintiff's action is barred by the three year statute of limitations applicable to claims under 42 U.S.C. §1983. *See Wilson v. Garcia,* 471 U.S. 261, 280 (1985) (holding that section 1983 limitations period derives from forum state's period for personal injury actions); Mass. Gen. L. ch. 260, § 2A (describing Massachusetts three-year limitations period for personal injury actions). The court does not agree. Although Defendant is correct that Plaintiff's complaint was not *docketed* until December 30, 2003 -- over three years after what Plaintiff herself deems to be the accrual date, October 20, 2000 (see Complaint at 1) -- it was *received* by the clerk's office on October 20, 2003, i.e., on the very last day of the alleged statutory period. Thus, in the court's opinion, the complaint was timely filed.[1]

---

[1] The over two-month delay between the complaint's receipt and docketing is easily explained. The complaint was placed in the court's after hours drop-box on October 20, 2003, and stamped with that date. Since no filing fee accompanied the complaint, Plaintiff was forwarded by mail an application to proceed *in forma pauperis*. Plaintiff completed the application and filed it with the court on November 10, 2003, and the court granted the application on December 29, 2003. Faced with similar circumstances, other courts have deemed a complaint to be constructively filed, for limitations purposes, on the date it was received, *see McDowell v. Del. St. Police*, 88 F.3d 188, 191 (3rd Cir. 1996) (complaint deemed constructively filed on the date received by the clerk even though *in forma pauperis* request was not granted until fourteen months later) (citing, *inter alia*, *Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955); *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1551-52 (11th Cir. 1986); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978)), and this court suggests that the same should hold true here as well.

Second, Defendant argues that Plaintiff's actions should be dismissed under the principles of *res judicata*. As the First Circuit has observed, however, "federal courts regularly use *Rooker-Feldman* to rebuff collateral attacks on prior state court judgments without purporting to apply the technical preclusion rules of *res judicata*." *Maymó-Meléndez v. Alvarez-Ramirez*, 364 F.3d 27, 33 (1st Cir. 2004) (describing doctrine established in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). In this court's estimation, Plaintiff's entire complaint can be dismissed under the *Rooker-Feldman* doctrine, perhaps in combination with the abstention doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971).

The *Rooker-Feldman* doctrine essentially prohibits lower federal courts from sitting in direct review of state court decisions. *See Henry v. Connolly*, 910 F.2d 1000, 1002 (1st Cir. 1990); *Atlantic C. L. R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 296 (1970). Plaintiff, therefore, is obviously precluded from collaterally attacking the demolition order in this forum. *See Decker v. Hillsborough County Attorney's Office*, 845 F.2d 17, 20-21 (1st Cir. 1988) (holding that since "[l]ower federal courts may not sit in review of state court orders," the remedy of a plaintiff who "believed that [a state court]'s destruction order violated the constitution, was to seek review within the state court system, and if unsuccessful, further review from the United States Supreme Court"); *Roy v. Augusta*, 712 F.2d 1517, 1521 (1st Cir. 1983) ("Where a party should reasonably foresee that an adverse state court judgment will create a constitutional issue, that issue should be argued before the state court.").

For its part, "*Younger* is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state court litigation." *Maymó-Meléndez*, 364 F.3d at 31 (citing *Younger,* 401 U.S. at 43-45, 53-54.). Thus, insofar as a state appeal may exist in the case at bar,[2] this court must necessarily abstain from hearing Plaintiff's claims. As Chief District Judge William G. Young recently observed, "'once a state judicial proceeding [has] begun,' *Younger* requires the 'exhaustion of state judicial remedies' even though a final state court judgment would likely preclude any new federal lawsuit." *Johnson v. Bd. of Bar Overseers*, 324 F. Supp. 2d 276, 285 (D. Mass. 2004) (quoting *Maymó-Meléndez*, 364 F.3d at 34-35).

Finally, lest there be any doubt as to the dismissal of Gibson and Schmidt in their individual capacities, this court agrees with Defendant that they are shielded by qualified immunity. For purposes here, the relevant qualified immunity question is "whether . . . reasonable official[s] could have believed [their] actions were lawful in light of clearly established law and the information the official[s] possessed at the time of [their] allegedly unlawful conduct." *McBride v. Taylor*, 924 F.2d 386, 389 (1st Cir. 1991). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton,* 483 U.S. 635, 639 (1987). Insofar as both Gibson and Schmidt appear to have been following orders of the Massachusetts Superior Court, they must have been acting reasonably in believing that their actions were lawful.

---

[2] Attached to a pleading filed in this court is a Superior Court form dated March 26, 2003, on which Plaintiff indicated that she "wish[ed] to activate [her] appeal." (See Document No. 8.)

5

III. CONCLUSION

For the foregoing reasons, this court recommends that Defendant's motion to dismiss be ALLOWED.[3]

DATED: September 22, 2004

                                               /s/ Kenneth P. Neiman
                                               KENNETH P. NEIMAN
                                               U.S. Magistrate Judge

---

[3] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.