UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA J. PAVELCSYK,<br>    Plaintiff | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. 03-30312-MAP<br>) |
| WILLIAMSBURG BOARD OF<br>HEALTH,<br>    Defendant | )<br>)<br>) |

<u>MEMORANDUM AND ORDER REGARDING</u>
<u>REPORT AND RECOMMENDATION</u>
<u>WITH REGARD TO DEFENDANT'S MOTION TO DISMISS</u>
(Docket No. 11)

November 17, 2004

PONSOR, D.J.

    The plaintiff, representing herself, has filed what purports to be a complaint against the Town of Williamsburg's Board of Health for injuries resulting from actions taken by its inspector, Maxine Schmidt, and its former director, Donna Gibson. The complaint arises from the demolition of plaintiff's mobile home on May 28, 2002, pursuant to an order of a State Superior Court judge.

    The defendant filed a Motion to Dismiss, which this court referred to Magistrate Judge Kenneth P. Neiman for report and recommendation. On September 22, 2004, Magistrate Judge Neiman issued his recommendation, to the effect that the Motion to Dismiss should be allowed. On October 22, 2004, the plaintiff filed a document entitled "Notice of Appeal," which the court has construed as an

objection to the Report and Recommendation.  Footnote 3 to the Report and Recommendation clearly indicates that any objections were to be filed within ten days of the receipt of the Report and Recommendation.  Thus, the plaintiff's objection is late.  As a result, the defendant has filed a Motion to Strike (Docket No. 19).

Having now had an opportunity to review the Report and Recommendation <u>de</u> <u>novo</u>, this court will adopt the Report and Recommendation and allow the defendant's Motion to Dismiss.  The background of the case is summarized in Judge Neiman's detailed memorandum and need not be repeated here.  As Judge Nieman noted, plaintiff's lawsuit is a transparent attempt to pursue a collateral attack on a prior state court judgment and as such is forbidden by the "Rooker-Feldman" doctrine.  <u>See</u> <u>Maymo-Melendez v. Alvarez-Ramirez</u>, 364 F.3d 27, 33 (1st Cir. 2004).  As Judge Neiman further noted, to the extent that any state court appeal is pending, this federal court is obliged to abstain.

As a backdrop to these fatal defects in the plaintiff's complaint, it is also clear, as defendant points out, that plaintiff's objections to the Report and Recommendation were untimely.  The Motion to Strike has therefore been allowed by marginal notation.

For the foregoing reasons, the Report and Recommenda-

tion of Magistrate Judge Kenneth P. Neiman dated September 22, 2004 (Docket No. 17) is hereby adopted. The defendant's Motion to Dismiss (Docket No. 11) is hereby ALLOWED. Judgment will enter for the defendant. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge